UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELVIN ALFREDO DIAZ GUTIERREZ,

Petitioner,

v. Case No.: 2:26-cv-02722-SPC-NPM

DONALD TRUMP *et al*,

Respondents.

**OPINION AND ORDER**

Before the Court are Kelvin Alfredo Diaz Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Diaz Gutierrez's reply (Doc. 5).

Diaz Gutierrez is a native of Venezuela who entered the United States without inspection on November 15, 2021, fleeing persecution based on his political affiliation. He presented himself to immigration authorities, who commenced removal proceedings by issuing a notice to appear. After determining he did not pose a danger to the community or a flight risk, Immigration and Customs Enforcement (ICE) released Diaz Gutierrez under an order of release on recognizance. Diaz Gutierrez has faithfully complied with its terms and applied for asylum. On August 5, 2026, Diaz Gutierrez reported to an ICE office for a check-in appointment. ICE officers arrested him

without explanation. An ICE officer issued a I-200 Warrant for Arrest of Alien the next day.

On August 28, 2026, Immigration Judge Stuart Siegel denied Diaz Gutierrez's request for release on bond with this order:

> Based on Respondent's failure to provide proof that Respondent has addressed both his 2022 and 2025 traffic matters. In fact, a D6 was issued to Tallahassee indicating that Respondent does not abide by sister Court Orders. See Matter of Guerra.

(Doc. 4-1 at 9). Diaz Gutierrez requested a second bond hearing based on a change in circumstances. Immigration Judge Frank Pimentel called the request abusive and denied it. (Doc. 4-1 at 11).

Diaz Gutierrez claims the government violated the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and implementing regulations by arresting him without re-assessing whether he is a flight risk or a danger to the community. Diaz Gutierrez establishes that ICE arrested him before issuing a warrant and without revoking the order of release on recognizance. Also, neither immigration judge who denied his request for release on bond found that he presented a danger to the community or a flight risk.

In response, the government certifies it is detaining Diaz Gutierrez under 8 U.S.C. § 1226(a). The government argues it afforded Diaz Gutierrez the process required under § 1226(a) by providing a bond hearing and points

to § 1226(e), which strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions. But Diaz Gutierrez presents bona fide due process claims, which are not barred by § 1226(e). *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

Because Diaz Gutierrez's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690.

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The only time immigration officials considered whether Diaz Gutierrez presented a flight risk or a danger to the community, they released him on order of release on recognizance. ICE re-detained him on August 5, 2026, without a warrant and without revoking the release order when he voluntarily appeared at an ICE office as required by the order. No one determined Diaz Gutierrez now presented a flight risk or a danger to the community or otherwise explained why it was appropriate to detain him. Judge Siegel denied

bond because Diaz Gutierrez did not prove he resolved two traffic matters. Judge Pimentel denied the second bond request based on a lack of a change in circumstances. Neither Judge Siegel nor Judge Pimentel found Diaz Gutierrez to be a danger to the community or a flight risk.

The government's decision to detain Diaz Gutierrez is arbitrary because it is not based on consideration of either of the statutory goals of immigration detention—to ensure Diaz Gutierrez appears at future immigration proceedings and to prevent danger to the community. Even now, the government presents no justification for Diaz Gutierrez's detention. In sum, Diaz Gutierrez established a prima facie due process claim, and the government failed to rebut it. His detention violates the Due Process Clause of the Fifth Amendment.

Accordingly, it is hereby

**ORDERED**:

Kelvin Alfredo Diaz Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Diaz Gutierrez and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record